IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | : | FACTUAL BASIS |
|---|---|---|
| v. | : | |
| SARAH EURY FARRELL | : | 1:14CR308-1 |

NOW COMES the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, and as a factual basis under Rule 11 of the Federal Rules of Criminal Procedure, states the following:

**BACKGROUND**

INTERNATIONAL LABOR MANAGEMENT CORPORATION ("ILMC") is a corporation organized under the laws of the State of North Carolina with its headquarters and place of business in Vass, Moore County, North Carolina, in the Middle District of North Carolina. At all times material herein, ILMC was in the business of preparing and submitting petitions on behalf of client companies to the United States government for temporary alien workers under the H-2B Visa program and the H-2A Agricultural Visa program.

CRAIG STANFORD EURY, JR. ("Eury") founded ILMC in 1994. Eury held the primary ownership interest in ILMC. Prior to April 2008, Eury was the President of ILMC. From April 2008 to the present, SARAH EURY FARRELL ("Farrell") was the President of

ILMC. In this role, Farrell maintained her office and place of business at the offices of ILMC in Vass, Moore County, North Carolina, in the Middle District of North Carolina. Prior to April 2008, Farrell was the Vice President of Operations of ILMC, and worked under the direction of Eury.

## THE H-2B VISA PROCESS

The H-2B non-agricultural worker program is administered by the United States Department of Labor and the United States Citizenship and Immigration Service. The H-2B program allows United States employers to fill specific temporary nonagricultural jobs. For an employer to qualify for H-2B non-immigrant classification, thereby allowing foreign nationals to work for that employer, the employer is required to establish that:

    a. the need for the alien workers services or labor is temporary, regardless of whether the underlying job can be described as permanent or temporary. The employer's need is considered temporary if it is a one-time need, a seasonal need, a peak load need, or an intermittent need;

    b. there is not a sufficient number of United States citizen workers who are able, willing, or qualified and available to do the temporary work; and

2

c. the employment of H-2B alien workers will not adversely affect the wages and working conditions of similarly employed United States citizen workers.

The H-2B Visa program carries a statutory numerical limit, or "cap," which provides that no more than 66,000 aliens may be issued a H-2B Visa classification during any fiscal year.

Before requesting H-2B classification from USCIS, an employer seeking H-2B workers must first submit an Application for Foreign Temporary Labor Certification, known as a Form ETA-750 (prior to January 2009) or as a Form ETA-9142 (after January 2009), to the Department of Labor. The completed ETA-750 or ETA-9142 must describe the number of jobs to be filled and the specific nature, dates, and location of the jobs that the H-2B workers will perform in the United States. The employer must demonstrate in the ETA-750 or ETA-9142 that it has conducted recruitment efforts in the geographical area of proposed employment and has not found United States citizen workers willing to perform the work set forth and described in the ETA-750 or ETA-9142 at the prevailing wage for that area. After review of the ETA-750 or ETA-9142, the Department of Labor issues a Final Determination Letter indicating whether an employer's application has been approved or denied. This certification may not be transferred to another employer.

Both the ETA-750 and the ETA-9142 require that the employer certify under penalty of perjury that the information provided is true and accurate. The Department of Labor relies on the factual accuracy of the ETA-750 and ETA-9142 in making the determination whether the application is approved or denied. In this regard, the Department of Labor relies on the signature of the employer certifying that the ETA-750 or ETA-9142 is true and accurate. The Department of Labor will not review or approve an ETA-750 or ETA-9142 that is not certified by the employer under penalty of perjury.

After the Department of Labor has issued a Final Determination Letter certifying an employer for use of H-2B workers for specified jobs and job locations, the employer must submit a Form I-129, "Petition for Nonimmigrant Worker," with USCIS to obtain approval for issuance of H-2B Visas. As with the ETA-750 and ETA-9142, the Form I-129 requires the employer to describe the number of jobs to be filled, the number of H-2B Visas requested for alien temporary workers, and the specific nature and location of the jobs that the H-2B workers will perform in the United States. The employer must attach the certified ETA-750 or ETA-9142 to the I-129 petition.

The Form I-129 requires that the employer certify under penalty of perjury that the information provided is true and

accurate. USCIS relies on the factual accuracy of the Form I-129 in making the determination of whether the application is approved or denied. In this regard, USCIS relies on the signature of the employer certifying that the Form I-129 is true and accurate. USCIS will not review or approve a Form I-129 that is not certified by the employer under penalty of perjury.

Upon USCIS approval of a Form I-129, USCIS issues an approval notice informing the employer that its petition has been approved and the H-2B Visas may be applied for at the United States Consulate.

The actual H-2B Visa is issued to the alien worker after approval by the United States consulate just prior to the alien worker entering the United States. The H-2B Visa bears the following information:

    a. The name and picture of the alien worker;

    b. The I-129 petition number under which USCIS approved issuance of the H-2B Visas; and

    c. The name of the employer for which USCIS approved issuance of the H-2B Visa and for whom the client worker is authorized to enter the United States and work for at the location and the times set forth in the Form I-129 and approved by USCIS.

5

Case 1:14-cr-00308-WO   Document 3   Filed 07/30/14   Page 5 of 11

H-2B workers who are already in the United States may change employers only if the new employer files a new Form I-129 with USCIS. The H-2B workers may not begin work with a new employer until the new Form I-129 is approved by USCIS authorizing the client workers to change employers.

An employer who employs H-2B workers must notify USCIS if the employment ends more than thirty days before the end of the approved employment term.

The H-2A agricultural worker program is administered by the United States Department of Labor and USCIS. The H-2A program is similar to the H-2B program for non-agricultural temporary workers in that it allows employers to obtain alien workers for specific temporary agricultural jobs. The application process for the H-2A program is generally similar with the exception that there is no cap on H-2A Visas.

**PATTERN OF IMPROPER REFERRAL OF ALIEN WORKERS**

**LOUMAC LLC/MILLER'S RESTAURANT**

On or about April 1, 2008, Farrell instructed an ILMC client whose initials are M.M. that he could avoid the operation of the H-2B Visa cap and obtain workers for Miller's Restaurant in Kill Devil Hills, North Carolina, by petitioning for H-2A agricultural Visas for the restaurant workers under the pretense that they were needed for agricultural work at a hunting farm in

6

Fairfield, North Carolina, owned by Loumac, LLC. Farrell advised M.M. that the alien workers could then be transferred to H-2B Visas once they had entered the United States under the pretense that they were needed for farm work.

On or about April 2, 2008, ILMC, at the direction of Farrell, filed a Form ETA-750 on behalf of Loumac, LLC, falsely stating that ten jobs existed for alien workers at the Loumac, LLC, farm in Fairfield, North Carolina, when in fact the intent was to obtain H-2A Visas to allow restaurant workers to enter the United States.

On or about April 23, 2008, ILMC, at the direction of Farrell, filed a Form I-129, petition number WAC-08-144-54538, for ten H-2A Visas on behalf of Loumac, LLC, under the false pretense that such H-2A Visas were needed for alien workers at the Loumac, LLC, farm in Fairfield, North Carolina, when, in fact, the alien workers were never intended to work at the farm. By so doing ILMC, at Farrell's direction and with her knowledge, did encourage and induce certain aliens, being aliens with the initials E.C.G., J.C.G., C.E.M., A.E.M., M.G.R., E.L.S., O.L.L., R.E.R.T. and O.T.M., to enter and reside in the United States by fraudulently obtaining H-2A Visas allowing them to be admitted to enter the United States under the false pretense that agricultural jobs existed for said aliens in Fairfield, North

7

Carolina. The aliens as described above were admitted into the United States pursuant to the H-2A Visas to work agricultural jobs in Fairfield, North Carolina, but were then directed by ILMC, at Farrell's direction and with her knowledge, to travel to Kill Devil Hills, North Carolina, to work at Miller's Restaurant in violation of their H-2A status, knowing and in reckless disregard that the coming to, entry, and residence in the United States of the said aliens was in violation of law.

ILMC was paid a fee for referral and provision of the above referenced alien workers. Farrell well knew that such workers were unauthorized aliens in respect to employment at Miller's Restaurant as such aliens had entered the United States as H-2A agricultural workers.

**ARBOR LAWNS/R.H. LOVEN**

On or about December 16, 2008, ILMC at the direction of Farrell prepared and filed a Form I-129, petition number EAC-09-057-51033, for ten H-2B Visas on behalf of Arbor Lawns, Inc., Orchard Park, New York, such petition bearing the false signature and certification of an officer of Arbor Lawns, Inc., whose initials are G.B., and falsely claiming that Arbor Lawns, Inc., needed ten alien workers, when, in fact, the company had need for only three alien workers.

ILMC and Farrell knowingly used false and fraudulent means to obtain, use and attempt to use H-2B non-immigrant Visas, to wit: ten H-2B alien worker Visas for entry into the United States that ILMC then knew to be procured by means of a false statement, and otherwise procured by fraud and unlawfully obtained, in that ILMC submitted and caused to be submitted a Form I-129 for alien workers and attached a ETA-750, in each of which ILMC claimed and caused to be claimed that ten aliens were needed to work and would work as landscape workers at Arbor Lawns, Inc., Orchard Park, New York, when in fact, as ILMC then well knew, jobs as landscape workers did not exist for the ten alien workers at Arbor Lawns, Inc., Orchard Park, New York, which company only had need for three alien workers. ILMC and Farrell intended to take and send approximately seven of the alien workers who were admitted into the United States on the fraudulently obtained H-2B Visas to work for other ILMC clients for the gain and profit of Farrell and ILMC.

On or about March 24, 2009, Farrell, or an ILMC employee acting at her direction, directed that three alien workers whose initials are T.P.S., J.L.P.S. and J.M.R.P. enter the United States using "extra" Visas obtained for Arbor Lawns, Inc., Orchard Park, New York, without the knowledge of such company, under the pretense that they were intended to work for Arbor

9

Lawns, Inc., in Orchard Park, New York, as landscape workers, when, in fact, they were intended to work for R.H. Loven Company as concrete plant workers in Pineola, North Carolina, which company was then barred by operation of the cap from obtaining H-2B Visas. Farrell, or an ILMC employee acting at her direction, further directed that the alien workers proceed directly to Pineola, North Carolina, without working for Arbor Lawns, Inc., in New York.

ILMC was paid a fee for referral and provision of the above referenced alien workers. Farrell well knew that such workers were unauthorized aliens in respect to employment at R.H. Loven Company as such alien workers had entered the United States as landscape workers at Arbor Lawns.

This, the 30th day of July, 2014.

>Respectfully submitted,
>
>RIPLEY RAND
>United States Attorney
>
>/s/ FRANK J. CHUT, JR.
>Assistant United States Attorney
>NCSB # 17696
>P.O. Box 1858
>Greensboro, NC 27402
>
>336/333-5351

10

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | |
| SARAH EURY FARRELL | : | 1:14CR308-1 |

CERTIFICATE OF SERVICE

    I hereby certify that on July 30, 2014, the foregoing was filed with the Clerk of the Court and I will send notification of such filing to the following:

Joshua B. Howard, Esq.

                                        /S/ FRANK J. CHUT, JR.
                                        Assistant United States Attorney
                                        NCSB # 17696
                                        United States Attorney's Office
                                        Middle District of North Carolina
                                        P.O. Box 1858
                                        Greensboro, NC  27402
                                        Phone:  336/333-5351