IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:14CR308-1 |
| | : | |
| v. | : | |
| | : | |
| SARAH EURY FARRELL | : | PLEA AGREEMENT |

NOW COMES the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, and the defendant, SARAH EURY FARRELL, in her own person and through her attorney, Joshua Brian Howard, and state as follows:

1. The defendant, SARAH EURY FARRELL, is presently charged in a Bill of Information in case number 1:14CR308-1, which in Counts One and Two charge her with violations of Title 8, United States Code, Section 1324a(a)(1)(A) and 1324(f)(1), referring unauthorized aliens for employment.

2. The defendant, SARAH EURY FARRELL, will enter a voluntary plea of guilty to Counts One and Two of the Information herein. The nature of these charges and the elements of these charges, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to her by her attorney.

a. The defendant, SARAH EURY FARRELL, understands that the maximum punishment provided by law for the Information herein is not more than six months, as to each count, and a fine pursuant

to Title 18, United States Code, Section 3571 of $5,000 and/or a fine pursuant to the provisions of Title 8, United States Code, Section 1324a(f)(1), with a maximum of $3,000 for each unauthorized alien with respect to whom such violation occurs.

b. The defendant, SARAH EURY FARRELL, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than one year after imprisonment, as to each count, pursuant to Title 18, United States Code, Section 3583.

c. The defendant, SARAH EURY FARRELL, also understands that the Court shall order, in addition to any other penalty authorized by law, that the defendant make restitution to any victim of the offense to which she is pleading guilty, pursuant to Title 18, United States Code, Section 3663A(a)(1). The defendant, SARAH EURY FARRELL, further agrees to pay restitution, as determined by the Court, to any victims harmed by defendant's relevant conduct, as defined by U.S.S.G. § 1B1.3, pursuant to Title 18, United States Code, Section 3663A(a)(3).

d. The defendant, SARAH EURY FARRELL, further understands that the sentence to be imposed upon her is within the discretion of the sentencing Court subject to the statutory maximum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing

2

Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

e.   The defendant, SARAH EURY FARRELL, understands that if she is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to her immigration status.   The defendant, SARAH EURY FARRELL, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences her guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States.

3.   By voluntarily pleading guilty to Counts One and Two of the Information herein, the defendant, SARAH EURY FARRELL, knowingly waives and gives up her constitutional rights to plead not guilty, to compel the United States to prove her guilt beyond a reasonable doubt, not to be compelled to incriminate herself, to confront and cross-examine the witnesses against her, to have a jury or judge determine her guilt on the evidence presented, and other

3

constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, SARAH EURY FARRELL, is going to plead guilty to Counts One and Two of the Information herein because she is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. It is understood that if the Court determines at the time of sentencing that the defendant, SARAH EURY FARRELL, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

b. It is agreed that the defendant, SARAH EURY FARRELL, will waive in open court prosecution by Indictment and consent to be charged in an Information.

c. Upon the acceptance by the Court of a guilty plea by the defendant, SARAH EURY FARRELL, to the Information herein, and at the conclusion of the sentencing hearing thereon, the United States of America will move to dismiss the Indictment in docket number 1:14CR39-2, as to the defendant, SARAH EURY FARRELL. This portion

4

of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

d. In exchange for the defendant's plea of guilty to the Information herein, the United States of America agrees that there shall be no further prosecution of the defendant, SARAH EURY FARRELL, in the Middle District of North Carolina for activities related to the instant offense.

e. The defendant, SARAH EURY FARRELL, knowingly and voluntarily waives any statute of limitations defense related to Counts One and Two of the Information herein.

6. The defendant, SARAH EURY FARRELL, agrees that upon entry of this plea she will submit to debarment by the United States Department of Labor and the United States Citizenship and Immigration Service from the H2A and H2B visa programs. The defendant, SARAH EURY FARRELL, agrees to submit to whatever civil procedures are necessary to effectuate such debarment.

7. With regard to forfeiture, the United States and the defendant, SARAH EURY FARRELL, agree as follows:

a. The defendant SARAH EURY FARRELL knowingly and voluntarily consents and agrees to forfeit the following to the United States:

(1) pursuant to Title 8, United States Code, Section 1324(b)(1), any conveyance used in the commission of the violations to which the Defendant is pleading guilty, the gross

5

proceeds of such violations, and any property traceable to such conveyances or proceeds; and

(2) pursuant to Title 18, United States Code, Section 982(a)(6):

(i) any conveyance used in the commission of the offense to which Defendant is pleading guilty; and

(ii) any property, real or personal—

(I) that constitutes, or is derived from or traceable to proceeds obtained directly or indirectly from the offenses to which the defendant is pleading guilty; or

(II) that is used or intended to be used to facilitate the commission of the offenses to which the defendant is pleading guilty.

The defendant knowingly and voluntarily consents and agrees to the entry of a forfeiture money judgment against her in the amount of $16,300.00 and agrees that this sum represents the gross proceeds obtained directly or indirectly from the offenses to which she is pleading guilty, and is therefore subject to forfeiture pursuant to Title 8, United States Code, Section 1324(b)(1), and Title 18, United States Code, Section 982(a)(6)(A).

c. If any of the property described above, as a result of any act or omission of the defendant (1) cannot be located upon the

6

exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third party; (3) has been placed beyond the jurisdiction of the court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty, then the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

d.    The defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this, pursuant to Rule 11(b)(1)(J), at the time her guilty plea is accepted.

e.    The defendant knowingly and voluntarily waives her right to a jury trial on the forfeiture of assets.  The defendant further knowingly and voluntarily waives all constitutional, legal and equitable claims, defenses and challenges to the forfeiture of assets in any proceeding, administrative, criminal or civil, any jeopardy defense or claim of double jeopardy, and any claim or defense under the Eighth Amendment to the United States Constitution.

7

f. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive her, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

g. Defendant knowingly and voluntarily agrees and understands the abandonment, civil administrative forfeiture, civil judicial forfeiture, or criminal forfeiture of property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose in addition to the forfeiture.

8. The defendant, SARAH EURY FARRELL, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including any restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

8

9.    It is further understood that the United States and the defendant, SARAH EURY FARRELL, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

10.    The defendant, SARAH EURY FARRELL, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $10 for each offense to which she is pleading guilty.    This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court.    If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

11.    No agreements, representations, or understandings have been made between the parties in this case other than those which

9

are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 31st day of July, 2014.


RIPLEY RAND
United States Attorney

JOSHUA B. HOWARD
Attorney for Defendant


FRANK J. CHUT, JR.
NCSB # 17696
Assistant United States Attorney

SARAH EURY FARRELL
Defendant

101 S. Edgeworth St.
Greensboro, NC  27401

336/333-5351